INHABITANTS OF HAMPDEN *vs.* INHABITANTS OF NEWBURGH.

Penobscot. Decided May 28, 1877.

*Pauper.*

R. S., c. 14, § 1, provides for furnishing nurses and necessaries to an infected person, at his charge . . . if able, otherwise, that of the town to which he belongs. *Held*, that the phrase, "at the charge of the town to which he belongs," means the town where he has his pauper settlement and not the town where he might happen to reside at the time. *Held*, also, in a case submitted to the law court, where the charges were $176, and the sick person, a widow, had $600, in available personal securities, that she was "able" within the meaning of the statute.

ON REPORT.

CASE, under R. S. c. 14, § 1, which provides: "When any person is, or has recently been, infected with any disease dangerous to the public health, the municipal officers of the town where he is, shall provide for the safety of the inhabitants, as they think best, by removing him to a separate house if it can be

done without great danger to his health, and by providing nurses and other assistants and necessaries, at his charge or that of his parent or master, if able, otherwise, that of the town to which he belongs."

The account annexed is as follows: "January 22, 1873—To supplies and medical and other assistance, nurses and other necessaries furnished Mrs. Rebecca Morrill, while sick with small-pox in said Hampden, and paid for by said inhabitants of Hampden, $176 ; interest to date of writ, (November 2, 1874), $20—$196."

The evidence tended to show that the disease existed, that the municipal officers of Hampden furnished the supplies, that the person furnished had her home at the time in the plaintiff town, but that her legal settlement (derived from her husband, deceased) was in the defendant town; that she had in savings banks and notes some $600.

After the evidence was out, the case was submitted to the law court upon legal principles.

*A. W. Paine* for the plaintiffs.

*C. P. Brown & A. L. Simpson,* for the defendants.

WALTON, J. This case is before the law court on report. It is an action by the town of Hampden against the town of Newburgh to recover expenses incurred for nurses, medical attendance, and other necessaries, furnished Mrs. Rebecca Morrill, while sick with the small pox.

The statute declares that expenses thus incurred shall be at the charge of the person sick, if able, otherwise that of the town to which he belongs. R. S., c. 14, § 1.

One ground of defense is that, when the statutes declare that expenses thus incurred shall be at the charge of the person sick, if able, "otherwise that of the town to which he belongs," the phrase, "the town to which he belongs," means the town where the person sick has an established residence, and not the town where the person happens to have a pauper settlement. We find, on examination, that this precise question was raised and settled in *Kennebunk* v. *Alfred,* 19 Maine, 221.

It was there held that the phrase in the then existing statute,

"at the charge of the town or place whereto they belonged," meant the town or place where the persons sick had their pauper settlements, and not the town where they might happen to reside at the time. We think the present statute must receive the same construction. The change in the phraseology is not material.

Another ground of defense is that, Mrs. Morrill was herself able to pay the expenses incurred for her relief. A careful examination of the evidence satisfies us that upon this ground the defendants are entitled to prevail. The statute declares that expenses thus incurred shall be at the charge of the person sick, "if able." Although Mrs. Morrill does not appear to have been a woman of large means, the evidence satisfies us that she was able to pay the expenses incurred for her own personal relief; and probably she would have been willing to do so, if no more than a just and reasonable sum had been charged, and the amount had been demanded of her at the time, or as soon as she recovered from her sickness. Upon this ground we think the defendants are entitled to judgment.

*Judgment for defendants.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.